Argued and submitted October 17, reversed and remanded in part; otherwise affirmed November 13, 2002

## Arnold L. PEDERSON
## and Linda L. Pederson,
### *Respondents,*

*v.*

## Robert A. BARNES,
## Jeannete V. Barnes, and Robert A. Barnes,
## Trustee of the Robert A. Barnes Trust,
### *Appellants.*

### 99P1681; A113596

58 P3d 240

Stephen Mannenbach argued the cause and filed the briefs for appellants.

Calvin P. Vance argued the cause and filed the brief for respondents.

Andrea L. Bushnell and Barry Adamson filed the brief *amicus curiae* for Oregon Association of Realtors.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Defendants appeal from a judgment awarding plaintiffs ownership by adverse possession of a parcel of real property in Polk County and from a supplemental judgment awarding plaintiffs an enhanced prevailing party fee, ORS 20.190(3), against all defendants. We affirm the judgment, and we affirm in part, and reverse in part, the supplemental judgment.

Defendants raise three assignments of error. The first two challenge the merits of the trial court's determination with respect to adverse possession, and the third raises a variety of arguments with respect to the propriety of the trial court's award of an enhanced prevailing party fee of $5,000 pursuant to ORS 20.190(3). We reject, without further discussion, defendants' first and second assignments of error. We also reject, without further discussion, all but two of defendants' arguments in support of their third assignment of error. The remaining two matters, however, require correction.

■      First, the supplemental judgment provides that interest on the enhanced prevailing party fee shall be *"compounded* annually." (Emphasis added.) As plaintiffs acknowledge, ORS 82.010(2), which governs interest on judgments, does not authorize an award of compound interest. Consequently, the reference to compound interest must be deleted from the supplemental judgment.

■      Second, although the supplemental judgment awards an enhanced prevailing party fee against defendant Robert A. Barnes, as trustee of the Robert A. Barnes Trust, there is no indication in this record that the trial court determined that Robert A. Barnes as trustee engaged in "mismanagement or bad faith" in the defense of this action. ORS 20.150.[1] Here, some of the factors the trial court relied on in

---

[1] ORS 20.150 provides:

"In an action, suit or proceeding prosecuted or defended by an executor, administrator, trustee of an express trust or person expressly authorized by statute to prosecute or defend therein, or in which a party appears by general guardian, conservator or guardian ad litem, costs and disbursements shall be

awarding costs pursuant to ORS 20.190 might support a determination of "mismanagement or bad faith" for purposes of ORS 20.150, but the court, in awarding an enhanced fee against Robert A. Barnes as trustee, did not refer to ORS 20.150 or explain the relationship, if any, between its determination pursuant to ORS 20.190 and the propriety of an award against a trustee under ORS 20.150. Consequently, that aspect of the supplemental judgment that awards an enhanced prevailing party fee against Robert A. Barnes as trustee is reversed and remanded for the trial court to address the propriety of such an award under ORS 20.150.

Supplemental judgment reversed and remanded with directions to delete reference to "compound" interest and for reconsideration under ORS 20.150 of award of enhanced prevailing party fee against Robert A. Barnes, as trustee of the Robert A. Barnes Trust; otherwise affirmed.

---

recovered or not as in ordinary cases, *but if recovered shall be chargeable only upon or collected from the estate, trust fund or party represented or for whom appearance is made, unless the court or judge thereof shall order such costs and disbursements to be recovered from the executor, administrator, trustee, person, guardian or conservator personally for mismanagement or bad faith in the commencement, prosecution or defense of the action, suit or proceeding."*

(Emphasis added.)